## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA MANGINE, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No. 2:22-cv-1378 |
| v. | ) | |
| | ) | |
| ALLEGHENY COLLEGE | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

AND NOW COMES Plaintiff, Amanda Mangine, ("Plaintiff" or "Ms. Mangine"), by and through her undersigned counsel, and brings this Complaint seeking legal and equitable relief for disability discrimination and retaliation against Defendant Allegheny College  ("Allegheny") in violation of the Americans with Disabilities Act of 1990 and the ADA Amendments Act of 2008 (collectively, the "ADA"), as well as pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, 42 P.S. § 951, *et seq*. Allegheny further retaliated against Ms. Mangine for taking leave protected under the Family Medical Leave Act of 1993, 29 U.S.C. Section 2601 *et. seq*. ("FMLA") firing her while she was out on FMLA.  Ms. Mangine states and avers the following:

## INTRODUCTORY STATEMENT

Due to her disabilities (Post Traumatic Stress Disorder, anxiety, and depression), Ms. Mangine suffered harassment and discrimination while working at Allegheny.  Ms. Mangine's superiors repeatedly illegally disciplined Ms. Mangine and eventually illegally terminated her for conduct that results from her disability after Allegheny failed to engage Ms. Mangine in the

1

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

interactive process to determine how they may accommodate her disability. Allegheny fired Ms. Mangine because of her protected status. Allegheny told Ms. Mangine she was being fired for "ongoing job performance concerns" while she was out on FMLA leave for issues related to her disability. All the aforementioned behaviors manifest from Ms. Mangine's PTSD, anxiety and depression. Firing Ms. Mangine for these behaviors is akin to firing Ms. Mangine for her disability, itself, under the relevant statutes. This conduct has caused our client irreparable harm and humiliation.

## JURISDICTION AND VENUE

1.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1391. This action is authorized and instituted pursuant to the ADA and the PHRA.

2.      Pursuant to 28 U.S.C. § 1367(a), The United States District Court for the Western District of Pennsylvania has supplemental jurisdiction over Ms. Mangine' state-law claims, which arise from the case and/or controversy as the aforementioned claims, for which this Court has original jurisdiction.

3.      The unlawful employment practices and wrongful termination were committed by the Defendant in or around Erie County, Pennsylvania. Therefore, the United States District Court for the Western District of Pennsylvania is the proper venue for the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1391(b).

4.      Plaintiff timely exhausted her administrative remedies by filing a charge against Defendant on or about August 24, 2021, jointly with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC") at 533-2022-00432. Plaintiff's PHRC and EEOC Charges are incorporated by reference as if fully set forth herein. On August 10, 2022, the EEOC mailed Plaintiff a Dismissal and Notice of Rights letter

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

(the "Right to Sue" letter), advising her of the right to bring this action.  Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letter.

5.      At all relevant times hereto, Allegheny was an employer within the meaning of the ADA.

## PARTIES

6.      Amanda Mangine is a 44-year-old woman individual who resides at 11242 Springs Road, Meadville, Pennsylvania, 16335.

7.      At all relevant times hereto, Allegheny is and was a Pennsylvania not-for-profit educational institution with a principal place of business at 520 N Main St, Meadville, PA 16335.

## FACTS

8.      Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

9.      Ms. Mangine was hired in August of 2014 and held various positions with the College for Allegheny until her illegal firing on October 16, 2021.

10.     Prior to her wrongful termination Ms. Mangine was serving as the College's Director of Student Involvement.

11.     As a Director of Student Involvement, Ms. Mangine embodied the characteristics of an admirable employee of Allegheny.

12.     On or around August 2019, Ms. Mangine was diagnosed with PTSD, severe anxiety and depression.

13.     Her PTSD, anxiety and depression became so severe that she became unable to control her anxiety and depression while in the workplace.

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

14.     On or around May, 2021, Ms. Mangine disclosed to Jennifer Padlan in Human Resources of her mental health issues.

15.     As a result of her mental health issues, on July 21, 2021, Ms. Mangine asked Human Resources Generalist, Christi Pendolino, if she could request a reasonable accommodation by taking leave under FMLA in order to deal with her increasing anxiety, depression and suicidal thoughts.

16.     Prior to her request to take leave under FMLA, Ms. Mangine did not have any negative performance issues.

17.     Shortly after Ms. Mangine revealed her medical condition to Human Resources, her supervisor, April Thompson became overly critical of Ms. Mangine's work performance.

18.     Prior to Ms. Thompson, none of Ms. Mangine's previous supervisors criticized her work performance in her eight years as an employee of Allegheny.

19.     Prior to Ms. Mangine taking leave under FMLA, she expressed concerns to Ms. Pendolino about retaliation by Allegheny.

20.     In an email to Ms. Pendolino on July 23, 2021, Ms. Mangine informed Ms. Pendolino that she was concerned about Allegheny "blaming my bad performance review on me taking a leave and try to say I'm just trying to avoid being fired."

21.     In an email to Ms. Mangine from Ms. Pendolino on July 23, 201, Ms. Pendolino informed Ms. Mangine that "If the need for your leave is medically supported, the College has to accept that and it cannot base any performance on the leave being needed.  While medically supported, your position is protected for up to 12 weeks under FMLA (which is a federal regulation.)"

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

22.     Assured that she would not be retaliated against or terminated by Allegheny for taking leave under FMLA, Ms. Mangine took FMLA leave on or around July 26, 2021.

23.     On September 30, 2021, Ms. Mangine was cleared to return to work by her psychiatrist, Dr. Richard Spector.

24.     Ms. Mangine sent the appropriate paperwork to Ms. Padlan that would allow her to return to work on October 5, 2021.

25.     On October 4, 2021, Ms. Mangine received an email from Ms. Padlan stating that she first needed to meet with her supervisor, Ms. Thompson before she could return to work.

26.     Ms. Mangine emailed Ms. Padlan approximately five (5) times and called her three (3) times to set up an appointment with Ms. Thompson but received no response.

27.     Due to her frustration of the lack of response by Human Resources, Ms. Mangine reached out to the President of Allegheny, Hillary Link in an email on October 13, 2021.  Ms. Mangine never received a response from Ms. Link.

28.     On October 16, 2021 Ms. Mangine received a certified letter from the College informing her that she was being terminated for "ongoing job performance concerns."

29.     Allegheny's aforementioned conduct and disparate treatment, discrimination retaliation and wrongful termination of Plaintiff were in violation of the ADA, FMLA and the PHRA.

30.     Plaintiff is in a protected class under the ADA, FMLA and PHRA at the time the aforementioned acts occurred.

31.     At all relevant times hereto, Defendant acted or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND AMENDMENTS THERETO ("ADA")

32.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

33.     At all times relevant, Defendant was an "employer" within the meaning of the ADA and/or ADAA.

34.     Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA and/or ADAAA because she has, or had at all times relevant hereto, a physical impairment that substantially limited/limits one or more major life activities, or because she had a record of such impairment.

35.     Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA and/or ADAAA because she was regarded as and/or perceived by Defendant and their agents as having a physical and/or mental impairment that substantially limited/limits one or more major life activities.

36.     Specifically, Plaintiff suffers from PTSD, anxiety and depression which results in mood lability (anger, loss of interest, sadness, apprehension, elevated moods, etc.).

37.     Ms. Mangine' PTSD, anxiety and depression also affects her interpersonal relationships.

38.     Ms. Mangine advised Human Resources on numerous occasions that she suffered from PTSD, anxiety and depression and that her supervisor's behaviors were frequently triggering to her.

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

39.     Allegheny failed to engage Ms. Mangine in the interactive process to determine if there was an accommodation that could assist Ms. Mangine with handling her emotions in the workplace.

40.     Allegheny failed to take any affirmative actions to prevent Ms. Mangine's supervisor from provoking her.

41.     Plaintiff could complete the functions of her position as a with or without a reasonable accommodation.  However, Allegheny ignored her pleas for assistance.

42.     Ms. Mangine made her supervisors and Human Resources aware on multiple occasions, of her disabilities, and she requested assistance for the same.

43.     The reason proffered for Ms. Mangine' termination is premised upon symptoms of Ms. Mangine' disability and is direct evidence that Allegheny terminated Ms. Mangine for her disability, itself.

44.     Defendant's termination of Plaintiff's employment was motivated by her disability and/or because Defendant regarding Plaintiff as disabled.

45.     Defendant's unlawful and discriminatory practices complained of herein were intentional and done with malice or without reckless indifference to Plaintiff's federally protected rights.

46.     As a direct and proximate result of the unlawful and discriminatory practices described herein, Plaintiff has suffered not only tangible economic loss in the form of lost back pay and benefits and potential lost front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, and pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses she has suffered and will continue to suffer.

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## COUNT II
## FMLA, 29 U.S.C. §2615(a)(1), UNLAWFUL INTERFERENCE WITH, RESTRAINT AND DENIAL OF THE EXERCISE FMLA RIGHTS

47.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

48.    As described in detail above, Plaintiff is an "eligible employee" as defined by the FMLA and within the meaning of FMLA, 29 U.S.C. §2611(2).

49.     Plaintiff also suffers from or more "serious health conditions," and she took FMLA leave for a serious health condition; thus, Plaintiff exercised her rights under the FMLA.

50.    The FMLA, 29 U.S.C. §2615(a)(2), precludes employers from discriminating and retaliating against employees who have exercised rights under the FMLA.

51.    Allegheny is a covered employer within the meaning of the FMLA, 29 U.S.C. §2611(4).

52.    Plaintiff invoked her FMLA rights by placing Allegheny on notice that she required leave protected under the FMLA, that she was seeking to take that leave and that she did, in fact, utilize eligible FMLA leave.

53.    Upon information and belief, in response to one or more of these occasions on which Plaintiff invoked her FMLA rights, Allegheny failed to discharge its employer obligations to Plaintiff under the FMLA by:

    a.    failing to provide written notice to Plaintiff detailing Plaintiff's specific expectations and obligations under the FMLA and explaining any consequences of a failure to meet these obligations in violation of 29 C.F.R §825.300(c);

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

b.      failing to notify Plaintiff in writing of all requirements pertaining to Allegheny's consideration for approval of FMLA certifications of serious health conditions in violation of 29 C.F.R. §825.300(c) and 29 C.F.R. §825.305(c);

54.     By failing to adequately discharge its employer obligations to Plaintiff under the FMLA, Allegheny interfered with, restrained, and denied Plaintiff's exercise of or attempt to exercise her rights under the FMLA.

55.     Allegheny's conduct was in violation of the FMLA, 29 U.S.C. §2615.

56.     Allegheny's violations of the FMLA were not in good faith.

57.     As a direct and proximate result of these violations Ms. Mangine' has suffered not only tangible economic loss in the form of lost back pay and benefits and potential lost front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, and pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses she has suffered and will continue to suffer.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra.*

## COUNT III
## UNLAWFUL RETALIATION IN VIOLATION OF THE FMLA

58.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

59.     Plaintiff is an "eligible employee" as defined by the FMLA and within the meaning of FMLA, 29 U.S.C. §2611(2).  Plaintiff also suffers from or more "serious health conditions," and she took FMLA leave for a serious health condition; thus, Plaintiff exercised her rights under the FMLA.

60.     The FMLA, 29 U.S.C. §2615(a)(2), precludes employers from discriminating and retaliating against employees who have exercised rights under the FMLA.

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

61.     Allegheny is a covered employer within the meaning of the FMLA, 29 U.S.C. §2611(4).

62.     Plaintiff utilized eligible FMLA leave.

63.     Such notice and use of FMLA leave constituted protected activity under the FMLA.

64.     Allegheny unlawfully discriminated against Plaintiff and retaliated against her based upon the facts that she had notified Allegheny of her intentions to take FMLA leave and that she did, in fact, utilize eligible FMLA leave.

65.     Allegheny unlawfully discriminated against Plaintiff and retaliated against her when Allegheny terminated Ms. Mangine while she was out on FMLA leave.

66.     Allegheny's conduct was in violation of the FMLA, 29 U.S.C. §2615.

67.     Allegheny's violations of the FMLA were not in good faith.

68.     As a direct and proximate result of these violations, Ms. Mangine' has suffered not only tangible economic loss in the form of lost back pay and benefits and potential lost front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, and pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses she has suffered and will continue to suffer.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra.*

## COUNT IV
## PHRA – DISCRIMINATION and RETALIATION

69.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length

70.     This is an action arising under the provisions of the laws of the PHRA and this Honorable Court has, and should, exercise pendent jurisdiction over the same because the cause

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

of action set forth in this COUNT IV arises out of the same facts, events and circumstances as in the above COUNTS I AND III, and therefore judicial economy and fairness dictate that this COUNT IV be brought in this same Complaint.

71.     At all times relevant, Defendant was an "employer" within the meaning of Section 954(b) of the PHRA.

72.     By engaging in the creation and fostering of a discriminatory environment based on Ms. Mangine' disability, Defendant violated those sections of the PHRA which prohibits discrimination based upon disability regarding the continuation and tenure of employment.

73.     Plaintiff further maintains that other, non-disabled employees acted similarly and were not disciplined or discharged.

74.     Defendant's termination of Plaintiff's employment was motivated by her disability and/or because Defendant regarded Plaintiff as disabled and/or because Plaintiff engaged in protected activity under the statue.

75.     Defendant's unlawful and discriminatory practices complained of herein were intentional and done with malice or without reckless indifference to Plaintiff's state-protected rights.

76.     As a direct and proximate result of the unlawful and discriminatory practices described herein, Plaintiff has suffered not only tangible economic loss in the form of lost back pay and benefits and potential lost front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, and pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses she has suffered and will continue to suffer.

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## **DEMAND FOR JURY**

WHEREFORE, Plaintiff demands judgment against Defendant, and damages in excess of $75,000 as follows:

a.  That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of Plaintiff's damages associated with Defendant's discrimination, retaliation and wrongful termination of Plaintiff pursuant to the ADA, FMLA and PHRA;

b.  That Plaintiff be awarded economic and compensatory damages to compensate for all costs associated with the discrimination and retaliation including lost wages and medical expenses;

c.  That Plaintiff be awarded nominal damages;

d.  That Plaintiff be awarded liquidated damages under the FMLA;

e.  That Plaintiff be awarded punitive damages in an amount sufficient to punish Defendant for its intentional, wanton and malicious conduct and to deter similar misconduct;

f.  That Plaintiff be awarded the costs of this litigation, including reasonable attorney's fees; and

g.  That Plaintiff be awarded such further relief as deemed to be just and proper.

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

Date:   September 28, 2022                    Respectfully Submitted,


                                              */s/ Ryan F. Kenny*
                                              Ryan F. Kenny
                                              Pa. I.D. 329612
                                              HKM EMPLOYMENT ATTORNEYS LLP
                                              220 Grant Street
                                              Suite 401
                                              Pittsburgh, PA  15219
                                              617.297.2002
                                              rkenny@hkm.com

                                              **JURY TRIAL DEMANDED**

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMANDA MANGINE, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| ALLEGHENY COLLEGE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## **VERIFICATION**

I, Amanda Mangine, Plaintiff in the within action, verify that the statements made and facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made a crime and made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: September 28, 2022

_Amanda Mangine_
_____
Amanda Mangine

14

Doc ID: 856222fb32d7af910ef05e6ee11bbf1315412744

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Needs Signature - Complaint Verification |
| **FILE NAME** | Amanda Mangine v....ge Complaint.docx |
| **DOCUMENT ID** | 856222fb32d7af910ef05e6ee11bbf1315412744 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

Document History

| | | |
|---|---|---|
| SENT | **09 / 27 / 2022**<br>23:31:45 UTC | Sent for signature to Amanda Mangine<br>(amandamangine7@gmail.com) from rkenny@hkm.com<br>IP: 72.74.192.46 |
| VIEWED | **09 / 27 / 2022**<br>23:33:11 UTC | Viewed by Amanda Mangine (amandamangine7@gmail.com)<br>IP: 72.23.144.5 |
| SIGNED | **09 / 27 / 2022**<br>23:33:29 UTC | Signed by Amanda Mangine (amandamangine7@gmail.com)<br>IP: 72.23.144.5 |
| COMPLETED | **09 / 27 / 2022**<br>23:33:29 UTC | The document has been completed. |